UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARK W. GIVLER,

      Plaintiff,

v.                                          No.:   3:11-cv-190
                                                  (VARLAN/SHIRLEY)
PAM STINNETT and
FREDDY POTENZA,

      Defendants.[1]

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. Plaintiff, who is confined in the Blount County Detention Center, challenges the conditions of his confinement. The matter is before the Court on various non-dispositive motions filed by the plaintiff as well as a motion to dismiss filed by defendant Stinnett.

The Court allowed process to issue as to the defendants Stinnett and Potenza. The U.S. Marshals Service served the summons and complaint upon the defendants by certified mail. Process was returned executed as to defendant Stinnett. Process was returned unexecuted as to defendant Potenza; the envelope for defendant Potenza was stamped with the notation "refused." Plaintiff moves the Court to order service upon defendant Potenza by hand. In light of the Court's granting of defendant Stinnett's motion to dismiss, and the

---

[1] Plaintiff also named as a defendant the Administration of Blount County Detention Center, which was dismissed by the Court *sua sponte* because it is not a suable entity under § 1983.

further dismissal of Freddy Potenza as a defendant, *infra*, the motion for service [Doc. 15] is **DENIED**.

Defendant Stinnett moves to dismiss the case for failure to state a claim upon which relief can be granted. In response, plaintiff has filed a motion to quash the motion to dismiss.

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton*

2

*Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Plaintiff alleges that since his incarceration in the Blount County Detention Center on July 9, 2009, he has been on max lock-down, which means he is in his cell for 23 hours a day, with one hour to stretch and bathe, and that he has been subjected to overcrowding with three people in a two-bed cell for over 80% of the time he has been locked down. According to plaintiff, defendant Stinnett is a classification officer and defendant Potenza is a correctional officer. Plaintiff seeks compensatory damages.

Plaintiff makes no specific factual allegations against either defendant Stinnett or Potenza with respect to the overcrowding in his cell nor does he otherwise allege that either of them are responsible for the overcrowded conditions. In his motion to quash, plaintiff refers to the directions on the form for filing a civil rights action pursuant to 42 U.S.C. § 1983; a copy of the relevant portion is attached as an exhibit to the motion to quash. [Doc. 23, Motion to Quash, Exhibit A].

Plaintiff makes specific reference to the following direction: "State here as briefly as possible the FACTS of your case." [*Id.*, p. 3, Section IV., Statement of Claim]. Plaintiff does not reference, however, the very next sentence: "Describe how EACH defendant is involved." [*Id.*]. Under the circumstances, plaintiff's general allegations are not sufficient

3

to state a claim upon which relief may be granted against defendant Stinnett under the *Twombly* standard. Accordingly, defendant Stinnett's motion to dismiss [Doc. 20] is **GRANTED** and she is **DISMISSED** as a defendant. Plaintiff's motion to quash the motion to dismiss [Doc. 23] is **DENIED**.

The same reasoning underlying defendant Stinnett's dismissal applies to defendant Potenza. As noted, plaintiff makes no specific factual allegations against defendant Potenza. Under the Prisoner Litigation Reform Act, district courts must screen prisoner complaints and sua sponte dismiss those that, among other things, fail to state a claim for relief. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). Because plaintiff's complaint fails to state a claim upon which relief can be granted against defendant Potenza, Freddy Potenza is **DISMISSED** as a defendant.

Plaintiff has filed three motions for default judgment against defendant Stinnett. Defendant Stinnett having filed a motion to dismiss in response to the complaint, the motions for default judgment [Docs. 24, 30, and 34] are **DENIED**.

There is also pending plaintiff's motion for copies, in which he asks that copies of all documents in this case and his three other pending cases be sent free of charge to him and his sister, Ruthe Givler, who he states is an out-of-work paralegal. Plaintiff does not state

4

why he needs copies of documents that should already be in his possession and his sister, who is not a party to the case, clearly is not entitled to free copies of pleadings in plaintiff's cases. The motion for copies [Doc.17] is **DENIED**.

There being no further proceedings necessary in this matter, this action is **DISMISSED IN ITS ENTIRETY**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
